# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| Plaintiff, | ) Case No.: 2:16-cv-00604-GMN-CWH |
| vs. | ) |
| | ) **ORDER** |
| CORTEZ HEIGHTS HOMEOWNERS ASSOCIATION, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 39), filed by Plaintiff Bank of America, N.A. ("Plaintiff"). Movant Alvin Soriano ("Soriano") and Defendant Cortez Heights Homeowners Association ("HOA") filed Reponses, (ECF Nos. 42, 44), and Plaintiff filed a Reply, (ECF No. 55).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 45), filed by HOA. Plaintiff filed a Response, (ECF No. 56), and HOA filed a Reply, (ECF No. 58).

Also pending before the Court is the Motion for Summary Judgment, (ECF No. 46), filed by Soriano. Plaintiff filed a Response, (ECF No. 53), and Soriano filed a Reply, (ECF No. 57).

Also before the Court is the Motion to Substitute Party, (ECF No. 40), filed by Soriano. Plaintiff filed a Response, (ECF No. 49), and Soriano filed a Reply, (ECF No. 54).[1]

For the reasons discussed herein, Plaintiff's Motion for Summary Judgment is **GRANTED**, HOA's Motion for Summary Judgment is **DENIED**, and Soriano's Motion for

---

[1] In addition, before the Court is the Motion to Extend Time, (ECF No. 41), which the Court grants *nunc pro tunc*.

Page 1 of 9

Summary Judgment is **DENIED**. Soriano's Motion to Substitute Party is **GRANTED in part** and **DENIED in part**.

I. <u>**BACKGROUND**</u>

This case arises from the non-judicial foreclosure on real property located at 5329 La Quinta Hills Street, North Las Vegas, Nevada 89081 (the "Property"). (Compl. ¶ 7, ECF No. 1). On January 26, 2009, Luafaletele T. Tutu'ila ("Borrower") purchased the Property by way of a loan in the amount of $147,059.00 secured by a deed of trust ("DOT") recorded on February 2, 2009. (*See* Deed of Trust, Ex. A to Pl's Mot. Summ. J. ("MSJ"), ECF No. 39-1). Plaintiff subsequently became beneficiary under the DOT after merging with Countrywide Bank, FSB to whom the DOT was previously assigned. (*See* Assignment, Ex. B to Pl's MSJ, ECF No. 39-2); (*see also* FDIC Institution Search Results, Ex. C to Pl's MSJ, ECF No. 39-3).

Upon Borrower's failure to pay all amounts due, HOA, through its agent Absolute Collection Services, LLC ("ACS"), recorded a notice of delinquent assessment on October 5, 2012. (*See* Notice of Delinquent Assessment Lien, Ex. E to Pl's MSJ, ECF No. 39-5). On January 31, 2013, HOA, through ACS, recorded a notice of default and election to sell, as well as a subsequent notice of sale on May 23, 2013. (*See* Notice of Default and Election to Sell, Ex. F to Pl's MSJ, ECF No. 39-6); (*see also* Notice of Sale, Ex. H to Pl's MSJ, ECF No. 39-8). On September 17, 2013, La Quinta Family Trust ("La Quinta") purchased the Property at HOA's foreclosure sale and recorded its interest on September 20, 2013. (*See* Trustee's Deed, Ex. I to Pl's MSJ, ECF No. 39-9).

Plaintiff filed its Complaint on March 18, 2016, asserting the following causes of action arising from the foreclosure and subsequent sale of the Property: (1) quiet title through the requested remedy of declaratory judgment; (2) breach of Nevada Revised Statute ("NRS") § 116.1113; (3) wrongful foreclosure; and (4) injunctive relief. (*See* Compl. ¶¶ 28–79).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the

court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

### III. <u>DISCUSSION</u>

**A. Motion to Substitute**

Soriano moves the Court to substitute himself as a party defendant in place of Defendant La Quinta, (ECF No. 40). Plaintiff filed a limited opposition requesting that the Court permit Soriano to join in the instant action as a party defendant but deny Soriano's request for substitution in place of La Quinta. (Resp. 3:2–3, ECF No. 49).

The Federal Rules of Civil Procedure provide that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). "Rule 25(c) is not designed to create new relationships among parties to a suit but is designed to allow the action to continue unabated when an interest in the lawsuit changes hands." *In re Bernal,* 207 F.3d 595, 598 (9th Cir. 2000). Even after an interest is transferred, Rule 25(c) does not require substitution or joinder. *Id.* Rather, the decision of whether to order substitution lies within the sound discretion of the trial court. *Id.*

Here, Soriano states that La Quinta has transferred all rights, shares, interest, and ownership of the Property to him and, accordingly, the Court should permit substitution. (*See* Mot. to Substitute, ECF No. 40). Plaintiff responds that the "Court should order Mr. Soriano joined as a defendant instead of substituted due to several possible issues with his 'trustee's deed,'" which purports to convey La Quinta's interest to Soriano. (Resp. 3:2–3). Specifically, Plaintiff asserts, *inter alia*, that Soriano has not recorded the deed, the deed's conveyance language is insufficiently clear, and the deed lacks an adequate legal description of the Property. (*Id.* 3:8–12). Therefore, Plaintiff requests that La Quinta remain in the action as a party defendant to ensure judgment will be effective should Plaintiff prevail in the action. (*Id.* 3:14–16). The Court agrees with Plaintiff.

Given the factual dispute over whether La Quinta's interest was effectively transferred to Soriano, the Court declines to substitute Soriano in place of La Quinta. In light of the parties' agreement, however, the Court grants Soriano's Motion to the extent he seeks to join in the instant action as a party defendant.

**B. Motions for Summary Judgment**

Plaintiff moves for summary judgment on its first cause of action for quiet title and declaratory relief. (Pl's MSJ 1:19–21, ECF No. 39). HOA and Soriano seek summary

judgment on all of Plaintiff's claims asserted against HOA and La Quinta. (HOA's MSJ, ECF No. 45); (Soriano's MSJ, ECF No. 46). The parties dispute whether *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), compels the Court to hold that the HOA foreclosure sale did not extinguish Plaintiff's DOT. (Pl's MSJ 5:24–9:17); (HOA's MSJ 4:7–5:23); (Soriano's Resp. 1:27–2:16, ECF No. 42). Accordingly, before turning to the merits of Plaintiff's claims and the parties respective Motions, the Court first considers the impact of the Ninth Circuit's holding in *Bourne Valley*.

### i. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of

circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed in NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

HOA and Soriano further argue that NRS § 107.090, which requires that copies of the notice of default and election to sell, and the notice of sale be mailed to each "person with an interest" or "claimed interest" that is "subordinate" to the HOA's super-priority, is incorporated

into NRS Chapter 116 by NRS § 116.31168. (HOA's MSJ 7:12–21); (Soriano's Resp. 2:17–27). However, *Bourne Valley* expressly rejected this argument. *See Bourne Valley*, 832 F.3d at 1159 ("If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless."). Therefore, the Court declines to adopt this interpretation.

Accordingly, HOA foreclosed under a facially unconstitutional notice scheme, and thus the HOA foreclosure sale cannot have extinguished Plaintiff's DOT. Therefore, the Court must quiet title as a matter of law in favor of Plaintiff as assignee of the DOT.

### ii. Plaintiff's Remaining Claims for Violation of NRS § 116.1113, Wrongful Foreclosure, and Injunctive Relief

In its prayer for relief, Plaintiff primarily requests a declaration that La Quinta purchased the Property subject to Plaintiff's DOT. (*See* Compl. 14:3–4). Plaintiff's causes of action against HOA and ACS for violation of NRS § 116.1113 and wrongful foreclosure are phrased in the alternative. (*Id.* 14:7–9). Therefore, because the Court grants summary judgment for Plaintiff on its quiet title claim, Plaintiff has received the relief it requested. Accordingly, the Court dismisses Plaintiff's second and third causes of action. With respect to Plaintiff's request for a preliminary injunction against La Quinta pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for Plaintiff moots this claim, and it is therefore dismissed.

///

///

///

///

///

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment, (ECF No. 39), is **GRANTED** pursuant to the foregoing.

**IT IS FURTHER ORDERED** that HOA's Motion for Summary Judgment, (ECF No. 45), is **DENIED**.

**IT IS FURTHER ORDERED** that Soriano's Motion for Summary Judgment, (ECF No. 46), is **DENIED**.

**IT IS FURTHER ORDERED** that Soriano's Motion to Substitute, (ECF No. 40), is **GRANTED in part** and **DENIED in part**. Soriano is hereby joined as a party defendant in this action.

**IT IS FURTHER ORDERED** that Soriano's Motion to Extend Time, (ECF No. 41), is **GRANTED** *nunc pro tunc*.

The Clerk of Court is instructed to close the case.

**DATED** this 11 day of July, 2018.

_____
Gloria M. Navarro, Chief Judge
UNITED STATES DISTRICT COURT