# Exhibit B
# Declaration of Amy Bernal

51608605;1

DARREN T. BRENNER, ESQ.
Nevada Bar No. 8386
SCOTT R. LACHMAN, ESQ.
Nevada Bar No. 12016
AKERMAN LLP
1635 Village Center Circle, Suite 200
Las Vegas, Nevada 89134
Telephone: (702) 634-5000
Facsimile: (702) 380-8572
Email: darren.brenner@akerman.com
Email: scott.lachman@akerman.com

*Attorneys for plaintiff Bank of America, N.A.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>CORTEZ HEIGHTS HOMEOWNERS ASSOCIATION; ABSOLUTE COLLECTION SERVICES, LLC; LA QUINTA FAMILY TRUST; and ALVIN SORIANO,<br><br>Defendants. | Case No.: 2:16-cv-00604-GMN-CWH<br><br>**DECLARATION OF AMY BERNAL** |

I, Amy Bernal, declare as follows:

1.    I am an Assistant Vice President, Senior Operations Consultant in the Legal Order & Case Resolution Operations team for Bank of America, N.A. (**BANA**). My business address is: Bank of America, N.A., c/o Darren T. Brenner, Akerman LLP, 1635 Village Center Circle, Suite 200, Las Vegas, Nevada 89134. I have knowledge of the matters set forth in this declaration and if called upon to testify in court, I could and would competently do so.

2.    I am authorized to sign this declaration as an Assistant Vice President of BANA, which owns and services Luafaletele Tutu'ila's loan (the **loan**) secured by the senior deed of trust on the property known as 5329 La Quinta Hills Street, North Las Vegas, Nevada 89081 (the **property**).

3.    BANA maintains records for the loan in its capacity as the loan's owner and servicer. These records are physical, imaged, and electronic records of loan activities, events and transactions.

4.    As an Assistant Vice President of BANA, I am familiar with and understand BANA's

1

51259350;2

loan servicing records and BANA's procedures for making and maintaining loan servicing records. My job duties include reviewing and interpreting BANA's records such that I can competently swear to the status of a particular account including, but not limited to, loan origination information, servicing transfers, authentication of business records, dates of default, and amounts owed.

5. The information in this declaration is based on BANA's loan records and my personal knowledge.

6. I have personal knowledge of BANA's routine practices and procedures for making and maintaining the records I am testifying about. They are: (a) made at or near the time of the occurrence of the recorded matter(s); (b) made by, or from information transmitted by, persons with personal knowledge of the recorded matter(s); and (c) kept in the course of BANA's regularly conducted business activities. It is BANA's regular practice to make such records.

7. BANA's business records show Metrocities Mortgage, LLC originated the loan in 2009. BANA's business records also show Metrocities Mortgage, LLC assigned all beneficial interest in the deed of trust to Countrywide Bank, FSB, which subsequently merged into BANA effective April 27, 2009.

8. BANA's business records show BANA owned and serviced the loan from before January 30, 2013 until after Cortez Heights Homeowners Association's foreclosure sale on September 17, 2013, but show no evidence BANA received Cortez Heights' notice of default and election to sell dated January 30, 2013 or notice of trustee's sale dated May 23, 2013.

9. BANA's business records also show no evidence 15301 Ventura Boulevard, Suite D-300, Sherman Oaks, California 91403 is or was a valid Countrywide Bank, FSB or BANA address.

10. In the year 2013, due to Countrywide Bank, FSB's prior merger into BANA, BANA routinely received notices addressed to Countrywide Bank, FSB by the HOAs or their trustees. But as set forth above, BANA's business records show no evidence it received Cortez Heights' notice of default and election to sell or notice of trustee's sale from anyone.

11. During the relevant time period, BANA's policy upon receipt of an HOA foreclosure notice in the state of Nevada was to retain Miles, Bauer, Bergstrom & Winters, LLP to determine and pay the superpriority amount. In accordance with this policy, BANA retained Miles Bauer

2

51259350;2

hundreds if not thousands of times to submit superpriority payments. Had BANA received Cortez Heights' notice of default and election to sell or notice of sale prior to the sale, it would have retained Miles Bauer to submit a superpriority payment in accordance with its policy.

*I declare under penalty of perjury under the laws of Nevada and the United States that the foregoing is true and correct to the best of my knowledge.*

**Bank of America, N.A.**

*Amy Bernal* (signature)

Date: January 9, 2020
Title: Assistant Vice President
Printed Name: Amy Bernal

3

51259350;2