SHANE D. COX, ESQ.
Nevada Bar No. 13852
9620 Windom Point Ave.
Las Vegas, NV 89129
(702) 335-8125
coxlaw.sdc@gmail.com
Attorney for Defendant, ABSOLUTE
COLLECTION SERVICES, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | CASE NO.:    2:16-cv-00604-GMN-DJA |
| Plaintiff, | |
| v. | |
| CORTEZ HEIGHTS HOMEOWNERS ASSOCIATION; SFR INVESTMENTS POOL 1, LLC; and ABSOLUTE COLLECTION SERVICES, LLC, | **MOTION TO WITHDRAW AS COUNSEL FOR ABSOLUTE COLLECTION SERVICES, LLC** |
| Defendants. | |

COMES NOW, Shane D. Cox, Esq., the attorney of record for ABSOLUTE COLLECTION

SERVICES, LLC, ("ACS"), and pursuant to the Nevada Rules of Professional Conduct 1.16, ABA

Model Rules 1.16, and LR IA 11-6, hereby moves this Honorable Court for an Order granting his

Motion to Withdraw as Counsel. Shane D. Cox, Esq. ("Counsel") seeks to be removed as attorney of

record for ABSOLUTE COLLECTION SERVICES, LLC.

This Motion is made and based upon the attached Declarations, the papers and pleadings on

file herein, the memorandum of points and authorities that follow, and any such oral argument this

Court may entertain during the hearing of this matter.

/ / /

/ / /

1

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I. Introduction

Counsel for ABSOLUTE COLLECTION SERVICES, LLC ("ACS"), Mr. Shane D. Cox, Esq. ("Counsel"), respectfully requests to this Court to withdraw as counsel of record for ACS. Pursuant to NRPC 1.14, and ABA Model Rules of Professional Conduct 1.14, Counsel does not seek any delay in trial or harm to ACS. Rather, continued representation of ACS will be impossible to Counsel.

### II. Argument

NRPC 1.14(a)(3) and ABA Model Rules of Professional Conduct 1.14(a)(3) provide that a lawyer shall withdraw from the representation of a client if the lawyer is discharged. Here, ACS has discharged Counsel. *See* Exhibit A, Declaration of Shane D. Cox, Esq. Therefore, this Court should grant this Motion. Although no other counsel has been named, it is clear that Counsel has been discharged.

Further, NRPC and ABA Model Rules of Professional Conduct 1.14(b) provides that a lawyer may withdraw from representing a client if any of the following occur: (1) Withdrawal can be accomplished without material adverse effect on the interests of the client; (5) The client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled; (6) The representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or (7) Other good cause for withdrawal exists.

This request is not made to delay trial, but rather is an equitable result. ACS acknowledged in multiple other cases with similar filings that it ran a risk of being defaulted. *See* Exhibit B,

Declaration of Kelly Mitchell. ACS did not retain subsequent counsel in all other cases in which I filed a Motion to Withdraw.[1]

      This request is made in good faith and does not seek to negatively affect ACS or delay the proceedings. Rather, ACS has made the decision to terminate Counsel and proceed without an attorney. Together, Rule 1.16(a)(3) and Rule 1.17(b) confirm that this Court should GRANT this Motion to Withdraw as Counsel of Record.

      Counsel provides contact information for its client, ACS, as part of Exhibit A.

      Dated this 20th day of May, 2021.

SHANE D. COX

_/s/ Shane D. Cox_____
SHANE D. COX, ESQ.
Nevada Bar No. 13852
9620 Windom Point Ave.
Las Vegas, NV 89129

## ORDER

**IT IS SO ORDERED**

**DATED:** 2:02 pm, June 02, 2021

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *See e.g.*, 2:16-cv-524-RFB-NJK; 2:16-cv-402-RFB-DJA; 2:16-cv-351-RFB-NJK; 2:16-cv-678-APG-DJA

3